# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **DANIEL ERIC COBBLE,**  *Petitioner,*  v.  **UNITED STATES GOVERNMENT,**  *Respondent.* | **CIVIL ACTION NO.** **5:24-cv-00159-TES-CHW** |

### ORDER DENYING MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

"Ain't none your fucking business," is what Petitioner Daniel Eric Cobble told this Court when it came to providing information about his finances in seeking leave to appeal *in forma pauperis*. [Doc. 14, p. 4]. With that, it's obviously Petitioner's Motion for Leave to Proceed *in Forma Pauperis* on Appeal [Doc. 14] that is before the Court. On July 8, 2024, the Court adopted the United States Magistrate Judge's Recommendation of Dismissal [Doc. 5] and dismissed Petitioner's action seeking a writ of mandamus without prejudice. [Doc. 1]; [Doc. 8].

### A.     *In Forma Pauperis* **Standard**

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Section 1915(a) provides:

> (1) . . . [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or

> criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915. Similarly, Rule 24(a) provides:

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>     (A) shows . . . the party's inability to pay or to give security for fees and costs;
>     (B) claims an entitlement to redress; and
>     (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

Fed. R. App. P. 24(a)(1)–(2). The Court must, therefore, make two determinations when faced with an application to proceed *in forma pauperis*.

### B. <u>Ability or Inability to Pay the Filing Fee</u>

First, by review of an affidavit, the Court must determine whether a party is financially able to pay the filing fee required for an appeal; thus, making a litigant's

2

finances and expenses very much a part of the Court's business. *See* [Doc. 14, p. 4]; *see also* Fed. R. App. P. 24(a)(1). Although incarcerated at the Edgefield Federal Correctional Institution in Edgefield, South Carolina, Petitioner claims he is "not a pauper" ostensibly asking the Court to consider the information he provided on a "Claim Form" noting certain unclaimed property with a cash value of $27,624.89. [Doc. 14, pp. 1, 6, 9–10]. Petitioner, however, has completely failed to provide the required affidavit showing "in the detail prescribed by Form 4 of the Appendix of Forms" his "inability to pay or to give security for fees and costs[.]" Fed. R. App. P. 24(a)(1)(A).

Similarly, the affidavit requirement of the *in forma pauperis* statute, 28 U.S.C. § 1915, requires all persons requesting leave to proceed *in forma pauperis* to submit affidavit that includes statement of all assets he or she possesses and that he or she is unable to pay such fees or give security therefor . . . ." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). Here, when it comes to the jurat language provided on Form 4, Petitioner scratched through the words "under penalty of perjury" thereby eviscerating any hope that the answers he provided on Form 4 are true and correct. *See, e.g.,* [Doc. 14, p. 1]. Petitioner also scratched through the word "swear" in the phrase "swear or affirm," and he simply "affirm[ed] that, because of *you*"—the Court, "[he] cannot prepay the docket fees of [his] appeal or post a bond for them." [*Id.*]. By scratching through the all-important "penalty of perjury" language, though, Petitioner has failed to comply with Rule 24(a)(1)(A)'s clear affidavit requirement as well as the

one discussed in 28 U.S.C. § 1915. *See Roy v. Ivy*, 53 F.4th 1338, 1350 (11th Cir. 2022) (citing *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1305–06 (5th Cir. 1988)) (discussing requirements of affidavits and declarations and holding that a district court correctly refused to consider a filing that "did not include any 'penalty of perjury' language").

Whether it be an affidavit or a declaration, there *must* be language that the solidifying that statements made were made "under the penalty of perjury," and Petitioner has undeniably saw to it that he did not make any of his statements under such penalty. [Doc. 14, p. 1]. The intentional omission of that phrase "would allow [Petitioner] 'to circumvent the penalties for perjury in signing onto intentional falsehoods.'" *Roy*, 53 F.4th at 1350 (quoting *Nissho-Iwai Am. Corp*, 845 F.2d at 1306). Not only has Petitioner failed to comply with the affidavit requirement of Rule 24(a)(1)(A), but he also failed to "submit a certified copy of [his] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of [his] notice of appeal[.]" 28 U.S.C. § 1915(a)(2). Consequently, Petitioner has not shown the Court that he cannot pay the appellate filing fee.

### C.     Petitioner has Not Made a Showing of Good Faith

Next, the Court considers whether the appeal is brought in good faith. An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context

must be judged by an objective standard. *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002); *see also Brown v. United States*, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Other than stating that he really "sued for nationwide actions" and that the "[d]istrict court wrongly . . . agreed with the Magistrate [Judge]," Petitioner has not submitted a statement of the issues he intends to appeal as required by Rule 24(a)(1)(C). Fed. R. App. P. 24(a)(1)(C) (stating that a party must "state[] the issues that [he] intends to present on appeal[]"). Nevertheless, the Court's independent review of the issues addressed by the Magistrate Judge, those ultimately adopted by the Court in dismissing Petitioner's mandamus action, and Petitioner's post-judgment Motion to Impeach Magistrate Judge [Doc. 12] unequivocally demonstrate that Petitioner's appeal is frivolous and not taken in good faith. [Doc. 5]; [Doc. 8]; [Doc. 12]; *see also Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*,

5

209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from parties seeking an *in forma pauperis* appeal).

**D.    Conclusion**

Accordingly, the Court **DENIES** Petitioner's Motion for Leave to Proceed *in Forma Pauperis* on Appeal [Doc. 14].

**SO ORDERED**, this 17th day of July, 2024.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**

6